UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY ROBERT-GENE HOFFMAN,

    Petitioner,                                       Case No. 13-10868

v.                                                     HON. AVERN COHN

KEN TRIBLEY,

    Respondent.
_____/

## ORDER DISMISSING PETITION
## AND
## DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY

I.  Introduction

This is a habeas case under 28 U.S.C. § 2254.  Petitioner Anthony Robert-Gene Hoffman, (Petitioner), is a state prisoner at the Baraga Maximum Correctional Facility in Baraga, Michigan.  Petitioner is serving a sentence of seventeen to thirty years for two counts of assault with intent to commit murder, Mich. Comp. Laws § 750.83; seventeen to thirty years in prison for two counts of armed robbery, Mich. Comp. Laws § 750.529; and a consecutive sentence of two years in prison for one count of possession of a firearm in the commission of a felony [felony-firearm]. Mich. Comp. Laws § 750.227b.  Petitioner has filed a *pro se* petition for writ of habeas corpus claiming that he is incarcerated in violation of his constitutional rights.  For the reasons that follow, the petition will be dismissed because none of Petitioner's claims state a claim upon which habeas relief may be granted.

II. Background

Petitioner pleaded guilty to two charges of assault with intent to commit murder, two counts of armed robbery, and one count of felony-firearm in the Genesee County Circuit Court. He was sentenced as described above. Petitioner's conviction and sentence was affirmed on appeal. *People v. Hoffman,* No. 302254 (Mich. Ct. App. July 20, 2011); *lv. den.* 490 Mich. 970 (2011).

Petitioner seeks a writ of habeas corpus on the following grounds:

I. Petitioner's sentencing for two counts of assault with intent to murder, two counts of armed robbery, and one count of felony firearm must be vacated because the trial court sentenced petitioner to two years imprisonment for the felony firearm conviction to precede and run consecutive to the sentences of 17 to 30 years on the four other felonies, rather than on only one of those convictions.

II. Petitioner is entitled to have objected-to inaccurate information stricken from the presentence report and judgment of sentence and a corrected report and judgment sent to the department of corrections.

III. Analysis

A.

A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition or the exhibits that are attached to it that the petitioner is not entitled to federal habeas relief. *See McFarland v. Scott,* 512 U.S. 849, 856 (1994)*; Carson v. Burke,* 178 F. 3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254.

B.

Petitioner's first claim is that the trial court erred in ordering that the two year sentence on the felony-firearm conviction should run consecutively to all four of

2

petitioner's other criminal convictions. Petitioner argues that under Michigan law, the trial court should have ordered the sentence on his felony-firearm conviction to run consecutively to only one of the other felony convictions, not all four of them.

Violations of state law and procedure which do not infringe specific federal constitutional protections are not cognizable claims under Section 2254. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). "As a general matter, a habeas petitioner's claim that the trial court violated state law when sentencing him is not cognizable in habeas corpus proceedings." *Bridinger v. Berghuis*, 429 F. Supp. 2d 903, 908 (E.D. Mich. 2006). Thus, a federal court cannot review a state court's alleged failure to adhere to its own sentencing procedures. *See e.g. Draughn v. Jabe*, 803 F. Supp. 70, 81 (E.D. Mich. 1992).

Regarding consecutive sentencing, the application of state sentencing laws governing consecutive sentencing does not present a federal constitutional question but merely an issue of state law which is not cognizable on habeas review. *See Coleman v. Koloski,* 415 F. 2d 745, 746 (6th Cir. 1969)(breaking and entering sentences running concurrently with each other and larceny sentences running concurrently with each other but consecutively to breaking and entering sentences involved matter of degree of punishment which, in absence of cruel and unusual punishment, was matter of interpretation for state courts and did not present a federal constitutional question); *see also Nunez v. Brunsman,* 886 F. Supp. 2d 765, 770 (S.D.Ohio 2012)(state court's imposition of consecutive sentences for defendant's convictions for two counts of felony murder did not violate defendant's due process rights). Nor does the imposition of consecutive, as opposed to concurrent, sentences amount to cruel and unusual

punishment in violation of the federal constitution. *See Barde v. United States,* 224 F.2d 959 (6th Cir. 1955). Therefore, Petitioner's claim that the trial court improperly ordered his two year sentence on his felony-firearm conviction to be served consecutively to all four underlying felony convictions, rather than to only one of those convictions, fails to state a claim upon which habeas relief may be granted.

Petitioner's second claim asks that his pre-sentence report be corrected to reflect that his felony-firearm sentence should run consecutively to only one of his other felony convictions. This claim is essentially a reiteration of his first claim. As stated above, any claim that the trial court improperly ordered his felony-firearm sentence run consecutively to all four of his remaining convictions is non-cognizable on habeas review. Thus, petitioner's related claim that his pre-sentence report is inaccurate because it contains such information is likewise non-cognizable. Moreover, there is no federal constitutional right to a pre-sentence investigation and report. *See Allen v. Stovall*, 156 F. Supp. 2d 791, 797 (E.D. Mich. 2001). Thus, Petitioner has not stated a claim upon which relief may be granted as to his second claim.

## IV. Conclusion

For the reasons stated above, the petition is DISMISSED for failure to state a claim upon which habeas relief may be granted.

Furthermore, reasonable jurists would not debate the Court's assessment of Petitioner's claims, nor conclude that the issues deserve encouragement to proceed further. The Court therefore DECLINES to grant a certificate of appealability under 28

U.S.C. § 2253(c)(2).[1] *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

SO ORDERED.

        S/Avern Cohn
        AVERN COHN
        UNITED STATES DISTRICT JUDGE

Dated:  March 19, 2013

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, March 19, 2013, by electronic and/or ordinary mail.

        S/Sakne Chami
        Case Manager, (313) 234-5160

---

[1] "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.